UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. KING, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-01501-AGF |
| KURTIS R. WINEGARDNER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On February 12, 2021, plaintiff was ordered to file an amended complaint within thirty days. (Docket No. 6). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On October 16, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Correctional Officers Kurtis R. Winegardner, Timothy M. Brady, Unknown Clark, and S. Jones as defendants. (Docket No. 1 at 2-4). They were sued in both their official and individual capacities. In the complaint, plaintiff alleged that he was injured during a "forceful escort," which he believed amounted to an assault. (Docket No. 1 at 4-5). Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 3).

On February 12, 2021, the Court granted plaintiff's motion to proceed in forma pauperis. (Docket No. 6). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that his

complaint was subject to dismissal. In particular, with regard to his official capacity claims, plaintiff had not made any allegations against the State of Missouri. As to the individual capacity claims, he had not presented sufficient facts to show that each of the four defendants was personally responsible for violating his constitutional rights.

Rather than dismissing outright, the Court directed plaintiff to file an amended complaint, and was provided instructions on how to do so. The Court also directed the Clerk of Court to send plaintiff a copy of the Court's prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply. He was advised that failure to comply within thirty days would result in the dismissal of this action without prejudice and without further notice.

## Discussion

As noted above, on February 12, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. Plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice. The amended complaint was due on or before March 15, 2021.

The deadline for plaintiff to file his amended complaint has expired. In fact, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to file an amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of February 12, 2021, or filed

any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 12, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th of April, 2021.

                                                          AUDREY G. FLEISSIG
                                                          UNITED STATES DISTRICT JUDGE